**Opinion filed April 16, 2009**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-08-00083-CR

_____

### ALBERT JIMENEZ, Appellant,

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 06-3650**

### M E M O R A N D U M   O P I N I O N

Albert Jimenez was indicted for felony driving while intoxicated. The jury found Jimenez guilty, found that he used a deadly weapon, found both enhancement allegations to be true, and assessed his punishment at confinement for life. We affirm.

### I. *Background Facts*

While driving to Hobbs, New Mexico, Ernest Barrientez noticed another vehicle swerving into oncoming traffic. Barrientez called the police, and Lea County Sheriff Deputy Rod Coffman[1]

---

[1]Although Coffman is currently serving as Sheriff of Lea County, he was Deputy Sheriff at the time of the offense.

responded. Deputy Coffman stopped the vehicle and identified Jimenez as the driver of the vehicle. Lea County Deputy Sheriff Jeff Dyer then arrived at the scene. As Deputy Coffman approached Deputy Dyer to discuss the stop, Jimenez fled in his vehicle. The officers pursued, and the ensuing chase continued through Lea County to Yoakum County and, finally, Gaines County. Jimenez crashed his vehicle into a utility pole. Jimenez was taken to the hospital. A blood test revealed a blood alcohol content of .18 grams of alcohol per 100 milliliters of blood.

## II. *Issues*

Jimenez challenges his conviction with a single issue, contending that the trial court abused its discretion when it refused to grant a mistrial after evidence of an additional felony conviction was introduced during the guilt/innocence phase of the trial.

## III. *Analysis*

The indictment alleged that Jimenez had been previously convicted of driving while intoxicated three times for jurisdictional purposes. The indictment also alleged two additional driving while intoxicated convictions for enhancement purposes. Jimenez pleaded not true to the jurisdictional convictions. The State called Lieutenant Chad Hallum with the Seminole Police Department to prove the jurisdictional convictions. When the State asked Officer Hallum about one of the enhancement convictions, Jimenez objected. The court excused the jury and had an extended conversation with counsel. The State argued that it was necessary to utilize the enhancement conviction to link Jimenez to the jurisdictional convictions because it had fingerprints whereas the jurisdictional convictions did not and because in the enhancement conviction the court found that two of the convictions the State was relying upon for jurisdiction in this case were true. The court made no specific ruling, and the jury was reseated. The State then asked Officer Hallum:

Q. All right. I think I had asked you what offense he was charged with in that State's Exhibit Number 8, I believe.

A. Yes. It's a DWI felony, third or more.

Q. And, looking at the indictment, does it allege in that case that the defendant had previously been convicted of felony DWI a couple of times?

A. It does say of DWI, but I don't believe of another felony.

2

Q.   Did I say a felony?

A.   Yes.

Q.   Has he been convicted of DWIs on previous occasions?

A.   Yes, that is correct.

Q.   Looking at the third paragraph of that, could you tell us what it alleges?

A.   And it is further presented in and to said Court that prior to the 9th day of November AD 1997, the said Albert Jimenez, on the 2nd day of June AD 1993, in the 106th District Court of Gaines County, Texas, in Cause Number 93-2577, the said –

Q.   Hold on a second. I think I want another paragraph.

Jimenez objected and requested that the jury be instructed to disregard this testimony. The trial court instructed the jury to disregard Officer Hallum's last answer. Jimenez then moved for a mistrial. The trial court denied the motion for mistrial. Officer Hallum's testimony resumed. State's Exhibit No. 8 was a felony DWI conviction from Lubbock County. Officer Hallum testified that in the Lubbock County case Jimenez had been accused of having two prior DWI convictions and that he had pleaded true to this allegation. The State then asked:

Q.   Looking at the third paragraph on that page, does it show that the trial court specifically found that the defendant in that case was the same person who had previously been convicted of DWI as alleged in the enhancement paragraphs?

A.   Yes, it does.

Q.   And could you read that third paragraph for us?

A.   The Court further finds that the defendant is the one and the same defendant named in enhancement paragraph number 1, and the Court finds as true that he has been previously duly convicted of a felony offense of driving while intoxicated in Cause Number 93-2577, in the 106th Judicial District Court of Gaines County, Texas, that had become final prior to the commission of the felony offense in this case.

3

> The Court further finds that the defendant is one and the same–

Jimenez objected and asked the trial court to instruct the jury to disregard "that particular statement." The trial court instructed the jury to disregard "anything that has been read about some previous case that has just been referred to by number in the 106th Court." Jimenez asked for a mistrial, but the trial court denied his motion.

Jimenez acknowledges that the jury was properly allowed to hear evidence of the three jurisdictional DWI convictions but contends that evidence of any other DWI conviction would be inadmissible and that, because the State referenced a prior conviction in the same court where he was currently being tried, the prejudicial effect of this evidence could not be cured with an instruction.

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004). Only highly prejudicial and incurable errors will necessitate a mistrial. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). Improper testimony may be cured by a trial court's instruction to disregard, except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jurors and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987). The law is well settled that courts are to presume the jury will follow an instruction to disregard. *See Wesbrook v. State*, 29 S.W.3d 103, 115-16 (Tex. Crim. App. 2000).

Here, the record does not support a departure from this presumption because the evidence of guilt was overwhelming. Jimenez fled the scene after he was stopped by the officers,[2] crashed his vehicle into a utility pole, and had a blood alcohol level of .18. The improper testimony did not contribute to the jury's finding of guilt. Further, the prejudicial effect of the improper testimony, as contrasted with the admissible evidence of prior convictions, is slight. Officer Hallum testified without objection that appellant had been convicted of felony DWI in Lubbock County and that he had been convicted of DWIs on two previous occasions. The record does not support any contention

---

[2]Jimenez was separately charged with evading arrest with a vehicle. We have affirmed that conviction. *See Jimenez v. State*, No. 11-08-00084-CR (Tex. App.—Eastland April 16, 2009).

that the erroneous reference to another felony DWI charge in Gaines County was designed to inflame the jury or that it played any significant role in the jury's determination of Jimenez's guilt.

After reviewing the nature and extent of the evidence against Jimenez and the trial court's prompt instruction to disregard the improper testimony, we conclude that the instruction cured any harm from Officer Hallum's testimony. The trial court did not abuse its discretion in denying Jimenez's motion for a mistrial. We overrule appellant's issue on appeal.

## IV. *Holding*

The judgment of the trial court is affirmed.

RICK STRANGE

JUSTICE

April 16, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.